IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCY R. on her own behalf and as next friend for N.R. ERIKA T. and ALEXANDRO M. on their own behalf and as next friend for J.M., <br><br> Plaintiffs, <br><br> v. <br><br> ASPIRA INC. OF ILLINOIS, JOSE VELASQUEZ, CITY OF CHICAGO. UNKNOWN CHICAGO POLICE OFFICER JILL DOE, and the CHICAGO BOARD OF EDUCATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 09 C 0097 <br> ) <br> ) Wayne R. Andersen <br> ) District Judge <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of Defendant City of Chicago to dismiss Counts III, VI and X of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs N.R., J.M, and I.P. all attended Aspira Early College High School located at 3729 West Leland Street in Chicago, Illinois. On December 20, 2007, Defendant Principal Velasquez was investigating a small fire which started in a boys' bathroom in the school. With the help of an unknown female administrator, Defendant Velasquez called Plaintiffs N.R., J.M., and I.P. out of their classrooms. The Defendants were in search of the lighter which ignited the fire.

Once the Plaintiffs exited their classrooms, each was allegedly subjected to a pat down search conducted by Defendant Officer Doe, an unknown Chicago police officer. Following the pat down, Officer Doe allegedly began physically touching under the minor Plaintiffs' shirts. J.M., N.R., and I.P. were then allegedly subjected to a strip and visual cavity search, which required the Plaintiffs to remove their clothing and underwear and squat and cough. Although N.R. was the only Plaintiff who alleged to have refused, all three Plaintiffs allege that the searches and touching were conducted against their will, without their consent, without notifying their parents, and without the consent of their parents. No lighter was recovered as a result of these searches.

Following these incidents on December 20, 2007, Plaintiffs brought this suit against the Defendants. Defendant City of Chicago filed a motion to dismiss: Count III of the amended complaint, which alleges a 42 U.S.C. §1983 due process claim; Count VI, which is a state-law willful and wanton retention/failure to supervise claim; and Count X, a state-law claim for a civil rights violation. Defendant's motion to dismiss is currently before this Court.

## DISCUSSION

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff

and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must first describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318 (7th Cir. 1996).

**I.      Count III—Due Process State Created Danger Claim**

In this case, Plaintiffs' Count III alleges a 42 U.S.C §1983 due process claim against the City under a theory of "state created danger/special relationship." Plaintiffs allege that the City had custody and control over the minor Plaintiffs. Plaintiffs allege that once "Defendants assumed full responsibility for protecting [the minor Plaintiffs] thereby rendering them and their parents without means to prevent abuses, those Defendants failed to provide the sort of defenses for [the minor Plaintiffs] that Plaintiffs would have provided on their own." Plaintiffs further allege that, had Defendants not placed the minor Plaintiffs in these positions of danger and at the mercy of Defendant Valasquez and Defendant Officer Doe, the alleged abuses and injuries would not have occurred. Count III alleges that because of Defendants' misconduct, the minor Plaintiffs suffered a violation of their due process rights under this state created danger/special

relationship theory. The City now moves to dismiss Count III against it.

We find that Count III of Plaintiffs' amended complaint is insufficient as alleged to be sustained against the City. Plaintiffs argue that the City had a duty to protect Plaintiffs because the City had a "special relationship" with Plaintiffs. Plaintiffs claim that this special relationship arose because "[w]hile at school, the minor Plaintiffs were under the custody and control of the Defendants." However, the fact that the students were in school when the alleged constitutional violations occurred is insufficient to establish that the City had a special relationship with Plaintiffs. The Seventh Circuit has held that a school district and school administrators do not have a special relationship with students simply by virtue of their being in school. *See J.O. v. Alton Community Unit School Dist*. 11, 909 F.2d 267, 272-73 (7th Cir. 1990). The City, as a separate municipal entity, is even further removed from said duty.

Moreover, another fatal deficiency of Count III is the failure to allege a municipal custom or practice on behalf of the City that led to the alleged constitutional deprivations. A municipality cannot be liable under section 1983 unless the underlying constitutional deprivation is caused by a municipal custom or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Count III fails to allege the existence of any municipal custom, policy or practice that led to the injuries allegedly suffered by Plaintiffs.

For the aforementioned reasons, Count III of Plaintiffs' amended complaint against the City of Chicago is hereby dismissed.

## II. Count VI—State Law Willful Retention And Failure To Supervise Claim

In Count VI, Plaintiffs allege a state law claim for willful and wanton retention and failure to supervise against the City. Plaintiffs allege that the City willfully and wantonly

breached its duty to exercise reasonable care in the retention and supervision of Officer Doe. Plaintiffs allege that the City was uniquely aware of the dangers that Defendant Doe posed to the minor Plaintiffs and that it willfully and wantonly ignored said dangers, resulting in the physical abuse, emotional distress, and loss of normal life for the Plaintiffs.

We find that Count VI of the amended complaint alleges all the necessary elements to sustain a cause of action against Defendant City of Chicago. Although we are mindful that Plaintiffs' allegations are bare allegations devoid of much factual support, at this stage of the litigation we believe that Plaintiffs have alleged all of the proper elements of the claim. Therefore, we find that the allegations are sufficient enough to survive a motion to dismiss pursuant to Rule 12(b)(6) and deny the motion to dismiss Count VI against the City at this time.

### III. Count X—Illinois Civil Rights Act Claim

Finally, Defendant City of Chicago moves to dismiss Count X, an Illinois Civil Rights Act claim. In response, Plaintiffs have agreed to voluntarily dismiss Count X without prejudice. Therefore, we will dismiss Count X without prejudice at this time.

### CONCLUSION

For the foregoing reasons, we grant in part and deny in part the motion to dismiss filed by the City of Chicago [# 38]. We grant the motion as to Count III, and Count III is hereby dismissed against the City. We grant the motion as to Count X, and Count X is dismissed as to the City. We deny the motion to dismiss Count VI.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: August 3, 2009

5